X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA  92037
Telephone:  858-454-4313
Facsimile:   858-454-4314
jon@x-patents.com

Attorneys for Plaintiffs
Ivera Medical Corporation and
Becton, Dickinson and Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVERA MEDICAL CORPORATION and BECTON, DICKINSON AND COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOSPIRA, INC.,<br><br>    Defendant. | Case No.  **'14CV1345 JAH  BLM**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Ivera Medical Corporation ("Ivera") and Becton, Dickinson and Company ("BD") (Ivera and BD collectively referred to herein as "Plaintiffs"), for their Complaint against Defendant Hospira, Inc. ("Hospira" or "Defendant"), aver as follows:

## PARTIES

1. Plaintiff Ivera is a California corporation with its principal place of business at 10805 Rancho Bernardo Road, Suite 100, San Diego, CA 92127.

2. Plaintiff Becton, Dickinson and Company is a New Jersey corporation with its principal executive offices at 1 Becton Drive, Franklin Lakes, New Jersey, 07417.

3. Defendant Hospira is a Delaware corporation with its principal place of business at 275 North Field Drive, Lake Forest, Illinois 60045.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq.

5. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

6. This Court has personal jurisdiction over Hospira because Hospira purposefully ships the infringing products through established distribution channels into the State of California and is engaged in substantial and regular business in the State of California and the Southern District of California.

7. Venue is proper under 28 U.S.C. §§1391(b) and 1400.

## BACKGROUND

8. On June 3, 2014, United States Patent No. 8,740,864 (the "'864 patent"), on an invention entitled "Patient Fluid Line Access Valve Antimicrobial Cap/Cleaner" was duly and legally issued by the United States Patent and Trademark Office. A copy of the '864 patent is attached hereto as Exhibit A.

9. BD is and has been the owner of the '864 patent since its issuance.

10. Ivera is the exclusive licensee of the '864 patent and has the authority to enforce the '864 patent.

11. Hospira imports, uses, offers to sell, and sells the infringing LifeShield EffectIV-Cap products (referred to herein as the "Accused Products").

12. The Accused Products infringe one or more claims of the '864 patent in the United States within the meaning of 35 U.S.C. § 271.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '864 PATENT)

13. Plaintiffs reallege and incorporate the previous paragraphs of this Complaint as though set forth in full herein.

14. Hospira has used, offered for sale, sold, and/or imported into the United States the Accused Products, which literally and under the doctrine of equivalents infringe one or more claims of the '864 patent in violation of 35 U.S.C. §271.

15. Hospira actively induces infringement of the '864 patent by users of the Accused Products in violation of 35 U.S.C. §271(b). Hospira closely monitors patents owned or licensed by Ivera and has knowledge of the '864 patent. Hospira specifically intends its customers to infringe the '864 patent by using the Accused Products to maintain luer activated valves providing fluid line access in accordance with Hospira's instructions for use. Hospira knows that use of the Accused Products by engaging the threads of the Accused Products with the external threads on luer activated valves to attach the Accused Products constitutes infringement of the '864 patent.

16. Plaintiffs have been damaged and have suffered irreparable injury due to acts of patent infringement and inducement by Hospira and will continue to suffer irreparable injury unless Hospira's activities are enjoined.

17. Plaintiffs have suffered and will continue to suffer substantial damages by reason of Hospira's acts of patent infringement and inducement alleged above, and are entitled to recover from Hospira the damages sustained as a result of Hospira's acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered by this Court in their favor and against Hospira as follows:

A. That Hospira has infringed the '864 patent;

B. Permanently enjoining and restraining Hospira, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by Hospira from further infringing the '864 patent;

C. For an award of damages adequate to compensate Plaintiffs for the damages they have suffered as a result of Hospira's conduct, including pre-judgment interest;

D. That Hospira be directed to withdraw from distribution all infringing products, whether in the possession of Hospira or its distributors or retailers, and that all infringing products or materials be impounded or destroyed;

E. For monetary damages in an amount according to proof;

F. For interest on said damages at the legal rate from and after the date such damages were incurred;

G. That this is an exceptional case and for an award of Plaintiffs' attorney fees and costs;

H. For such other relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues that are so triable.

Dated: June 3, 2014        X-PATENTS, APC


By:    /s/Jonathan Hangartner
           JONATHAN HANGARTNER

Attorneys for Plaintiffs Ivera Medical Corporation and Becton, Dickinson and Company